31329

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARC HAGAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  22 cv 00230 |
| ) | |
| EVANS DELIVERY COMPANY, INC., ) | |
| and ANTHONY DEL NAGRO, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants, EVANS DELIVERY COMPANY, INC., ("Evans") and ANTHONY DEL NAGRO, by their attorneys, THE HUNT LAW GROUP, LLC, hereby give notice that this action has been removed from the Lake County Superior Court, Lake County, Indiana, to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully state as follows:

1. On July 7, 2022, the plaintiff, MARC HAGAN ("Hagan"), filed a civil complaint captioned MARC HAGAN v. EVANS DELIVERY COMPANY, INC., and ANTHONY DEL NAGRO Case No. 45D05-2207-CT-000648 in the Lake County Superior Court Civil Division 5. (See Complaint For Damages attached hereto as Exhibit 1.)

2. Hagan's complaint alleges, *inter alia*, that Evans owed Hagan a duty and breached that duty by making rear-end contact with Hagan's vehicle on westbound Interstate-80 near mile marker 1.2 in Lake County, Indiana, and, as a result of the alleged negligent acts, Evans is

vicariously liable for Anthony Del Nagro's alleged actions causing damages to Hagan. (See Exhibit 1, generally, at ¶¶ 8-14.)

3. Hagan specifically alleges that he sustained injuries to his body, some of which may be permanent, medical expenses, hospital expenses, lost wages, an impairment to his earning capacity, mental pain, and mental anguish. (See Exhibit 1 at ¶ 14.)

4. Hagan's Complaint alleges this incident occurred on westbound Interstate-80 near mile marker 1.2 in Lake County, Indiana. (See Exhibit 1 at ¶ 8.)

**Complete Diversity Exists Amongst the Parties**

5. Diversity jurisdiction requires that the plaintiff and defendant be of diverse citizenship, that is, citizens of different states. 28 U.S.C. §§ 1332(a)(1) and 1441(a).

6. Plaintiff, Hagan, is a citizen of the state of Michigan (See Exhibit 1 at ¶ 1.)

7. Evans is a Pennsylvania citizen as a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 100-11- West Columbia Street, Schuylkill Haven, Schuylkill, Pennsylvania 17972.

8. Defendant, Anthony Del Nagro, is a citizen of Illinois domiciled at 10537 South Avenue North, Apartment 2, Chicago, Illinois 60617.

9. We are counsel for Anthony Del Nagro and Anthony Del Nagro consents to this Removal.

10. Accordingly, complete diversity exists as neither the defendants nor the plaintiff share citizenship as Hagan is a citizen of Michigan, Evans is a citizen on Pennsylvania, and Anthony Del Nagro is a citizen of Illinois. See §§1332(a)(1) and 1441(b).

**Amount in Controversy**

11. The district Court shall have original jurisdiction over all civil actions where the matter

in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a).

12. On August 10, 2022, Defense counsel corresponded with Plaintiff's counsel regarding the injuries their client sustained. (See correspondence sent to Plaintiff's counsel dated August 10, 2022, attached hereto as Exhibit 2.) During this teleconference, Plaintiff's counsel acknowledged their possession of Plaintiff's medical records and bills, but failed to provide Defendant's with a demand package or medical bills total. (See Exhibit 2.) Also during this teleconference, Defendants became aware of the Plaintiff's extensive treatment, which included regular treatment for plaintiff's injuries to his hips, neck and back for at least five (5) months in addition to plaintiff's initial post occurrence emergency room treatment.

13. Plaintiff, Hagan, has not alleged a specific amount of controversy in his Complaint. (See Exhibit 1.) Hagan's complaint does, however, allege injuries to Hagan's body (which may be permanent), hospital expenses, medical expenses, lost wages, impairment to his earning capacity, physical pain, and mental anguish. (See Exhibit 1 at ¶ 14.)

14. The Indiana Officer's Standard Crash Report, generated by Indiana State Police Officer R. Smith (Star No. 9243) of the Lowell Division, states that Hagan sustained significant damage to the entire passenger side of Hagan's vehicle in an amount of $25,000. See Indiana Officer's Standard Crash Report at p. 2 attached hereto as Exhibit 3.)

15. Based on the continuing damages alleged by the plaintiff in his Complaint, the Indiana State Police post-occurrence damage assessment, the plaintiff's post-occurrence emergency room treatment, the plaintiff's past and future lost income allegations, and the plaintiff's extensive post-occurrence treatment to his hips, neck, and back, the Defendant's state their good faith belief that the amount-in-controversy exceeds $75,000, exclusive of interest and cost. See Dart Cherokee

Basin Operating Co. v. Owens, 575 U.S. 81 (2015); see also Roppo v. Travelers Commercial Ins. Co., 869 F.3d 568 (7th Cir. 2017).

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action may be removed to this Court by the defendants pursuant to 28 U.S.C. § 1446(a), because this is a civil action between citizens of different states, the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and this Court is the District Court of the United States for the district and division encompassing the place where the action is defending.

17. This Notice of Removal is being filed within the thirty-day deadline prescribed by 28 U.S.C. §1446(b) as Defendant, Evans, was served on July 21, 2022. (See Certified Copies of All Pleadings and Orders attached hereto as Exhibit 4.)

18. Attached to this filing are certified copies of all pleadings and orders that have been filed in the state court action. (See Exhibit 4.)

19. Promptly after filing this Notice of Removal, the Defendant will file a true and accurate copy of this Notice of Removal with the clerk of the Lake County Superior Court, Division 5. Written notice of filing will also be provided to the plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, EVANS DELIVERY COMPANY, INC. and ANTHONY DEL NAGRO, hereby gives notice that this matter captioned MARC HAGAN v. EVANS DELIVERY COMPANY, INC., and ANTHONY DEL NAGRO Case No. 45D05-2207-CT-000648 in the Lake County Superior Court Civil Division 5, Indiana, is removed to the United States District Court for the Northern District of Indiana, Hammond Division.

**THIS DEFENDANT DEMANDS TRIAL BY JURY**

                                              Respectfully Submitted,

                                              */s/ Brian J. Hunt*_____

Brian J. Hunt
ARDC # 6208397
Attorney for Defendants
THE HUNT LAW GROUP, LLC.
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
Phone: (312) 384-2312
Fax:     (312) 443-9391
bhunt@hunt-lawgroup.com